*Ahmed v. Lynch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2015

(Argued: September 3, 2015        Decided: October 19, 2015)

Docket No. 14-1396

_____

KHALED ABDO ALI AHMED,

*Petitioner*,

- v. -

LORETTA E. LYNCH, United States Attorney General,

*Respondent*.

_____

Before:
KATZMANN, *Chief Judge*, HALL and LOHIER, *Circuit Judges*.

Petitioner seeks review of a decision of the Board of Immigration Appeals, which affirmed decisions of an Immigration Judge that found Petitioner removable and denied Petitioner's application for a waiver of inadmissibility. The agency determined that the government had demonstrated Petitioner's removability by clear and convincing evidence because Petitioner, who was admitted to the United States as an unmarried son of a United States citizen, was married at the time of his admission. Because the Board of Immigration Appeals failed to consider Petitioner's marriage certificate, which stated that he first married five years after his admission, we GRANT the petition, VACATE the order, and REMAND to the Board of Immigration Appeals with instructions to evaluate the authenticity of that marriage certificate. We further conclude that

the Board of Immigration Appeals erred when it applied the standards for determining credibility articulated in the REAL ID Act to assess Petitioner's testimony concerning his removability. On remand, the Board of Immigration Appeals is instructed to articulate the standard it applies when assessing the credibility of an individual who testifies on matters concerning removability.

Petition for review GRANTED; VACATED and REMANDED.

JOSHUA E. BARDAVID, New York, N.Y., *for Petitioner*.

VIRGINIA LUM, Attorney, Office of Immigration Litigation, Civil Division (Benjamin C. Mizer, Principal Assistant Attorney General, Nancy E. Friedman, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent*.

HALL, *CIRCUIT JUDGE*:

Petitioner Khaled Abdo Ali Ahmed seeks review of an April 29, 2014 decision of the Board of Immigration Appeals ("BIA"), which affirmed January 30, 2012 and March 21, 2012 decisions of an Immigration Judge ("IJ") that found Ahmed removable for procuring admission through fraud and denied Ahmed's request for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). The agency determined that the government had demonstrated Ahmed's removability by clear and convincing

evidence because Ahmed, who was admitted to the United States as an unmarried son of a United States citizen, was married at the time of his admission. Both Ahmed and the government submitted marriage certificates reflecting different marriage dates. Because the BIA failed to consider Ahmed's certificate, which stated that he first married five years after his admission, we GRANT the petition, VACATE the BIA's order, and REMAND to the BIA with instructions to evaluate the authenticity of that marriage certificate. We further conclude that the BIA erred when it applied the standards for determining credibility articulated in the REAL ID Act to assess Ahmed's testimony concerning his removability. On remand, the BIA is instructed to articulate the standard it applies when assessing the credibility of an individual who testifies on matters concerning removability in a contested removal proceeding.

## BACKGROUND

Petitioner Khaled Abdo Ali Ahmed is a native and citizen of Yemen; he was admitted to the United States in 1989 as an unmarried son of a U.S. citizen. In 2009, Ahmed was placed in removal proceedings through service of a Notice to Appear. The Notice to Appear alleged that Ahmed was married at the time of his admission to the United States and charged him with removability under

INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), as an alien who (1) procured admission by fraud or the misrepresentation of a material fact, INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and (2) entered the United States without a valid visa, INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Ahmed subsequently appeared before an IJ and contested his removability. The government offered, as evidence of Ahmed's removability, a certificate stating that Ahmed was married in 1988—one year prior to his admission to the United States. The 1988 marriage certificate was issued by "The religious Court in the city of Ibb," contained an illegible signature, bore a seal, and was ostensibly submitted to the United States Citizenship and Immigration Service ("USCIS") by Ahmed in connection with a 2007 Form N-400 Application for Naturalization. Administrative Record ("A.R.") at 307–08. The government also offered Ahmed's 2007 naturalization application as further evidence of his removability. The printed text of the application stated that Ahmed married in 1994; the application, however, contained a handwritten correction, dated and initialed by Ahmed, changing the marriage date from 1994 to 1988. Ahmed submitted, as proof of the date he claimed he was married, a 1994 marriage certificate. The 1994 certificate was issued by "The Republic of Yemen, Ministry

4

of Interior, Civil Affairs and Civil Registry Authority," was signed by the Civil Registry's Secretariat, and bore a seal. *Id.* at 289–90. Ahmed testified that he married his wife during a return trip to Yemen in October 1994, that the handwritten correction to the marriage date on his naturalization application was made by the USCIS interviewing officer, and that he did not understand the USCIS interviewing officer's amendment to the marriage date on his application when he dated and initialed the correction. Ahmed also denied both having ever seen the 1988 marriage certificate and having submitted it with his 2007 naturalization application.

At the conclusion of the contested removability hearing, the IJ determined that the government had sustained its burden of demonstrating Ahmed's removability by clear and convincing evidence. *In re Khaled Abdo Ali Ahmed*, No. A041 705 679 (Immig. Ct. N.Y.C. Jan. 30, 2012). The IJ found that Ahmed's testimony was not credible because: (1) he initially denied having signed and dated the correction to the marriage date on his naturalization application; (2) he testified that his children were born on dates different from those reflected in the birth certificates submitted with his naturalization application; and (3) he denied ever having seen the 1988 marriage certificate submitted with his naturalization

5

application.  The IJ "did not find [the 1994 marriage certificate] to be helpful to" Ahmed.  A.R. at 12.   The IJ explained that "[t]he conflicting nature of [Ahmed's] testimony and the documentary evidence that he provided gave very little confidence to the [IJ] that the documentary evidence was reliable and that [it] could be used to determine a whole host of facts or what the documents purported to be."  *Id.* at 13–14.

Ahmed subsequently applied for a waiver of inadmissibility under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H), which waives certain misrepresentations for otherwise admissible spouses, parents, or children of U.S. citizens or lawful permanent residents ("LPRs"), and he offered further testimony in support of his waiver application.  The IJ denied Ahmed's waiver request in a written decision. *In re Khaled Abdo Ali Ahmed*, No. A041 705 679 (Immig. Ct. N.Y.C. Mar. 21, 2012). The IJ concluded that Ahmed was statutorily eligible for a waiver but did not merit one as a matter of discretion.  The primary adverse factor informing the IJ's discretionary denial was Ahmed's "persistent incredible testimony of when he married."   A.R. at 40.  The IJ did, however, note Ahmed's "many favorable factors": his 22 year residence in the United States as an LPR; his four brothers

and father who are U.S. citizens; his ownership of a small family business; and his lack of a criminal record. *Id.* at 39–40.

Ahmed appealed, and the BIA dismissed his appeal on April 29, 2014. *In re Khaled Abdo Ali Ahmed*, No. A041 705 679 (B.I.A. Apr. 29, 2014). Relying on the credibility provisions of the REAL ID Act, INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii), the BIA determined that the IJ's adverse credibility determination was not clearly erroneous. The BIA therefore concluded that Ahmed had "not rebutted the evidence in the record that he was married at the time he was admitted," and it "agree[d] with the Immigration Judge that [Ahmed] is removable as an alien who was inadmissible at the time of entry for not possessing a valid immigrant visa and for procuring a visa by fraud or willfully misrepresenting a material fact." A.R. at 3–4. The BIA, however, did not discuss the 1994 marriage certificate. The BIA also affirmed the IJ's discretionary denial of Ahmed's application for a waiver of inadmissibility.

Ahmed timely petitioned for review.

## DISCUSSION

"We review the agency's factual findings for substantial evidence and questions of law *de novo.*" *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013)

7

(citations omitted). When the Government bears the burden of proof, as it does by clear and convincing evidence on the issue of removability, *see* 8 U.S.C. § 1229a(c)(3)(A), the substantial evidence standard is "more demanding." *Francis v. Gonzales*, 442 F.3d 131, 138 (2d Cir. 2006). We must affirm the agency's removability determination unless "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Id.* at 138–39.

We are unable to meaningfully review the agency's removability determination due to the BIA's failure to consider material evidence—namely, Ahmed's 1994 marriage certificate. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) (collecting cases); *Yan Chen v. Gonzales*, 417 F.3d 268, 272–73 (2d Cir. 2005) (collecting cases); *see also Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 (9th Cir. 2014) (Remand is appropriate where BIA "fail[s] to mention highly probative or potentially dispositive evidence." (internal quotation marks omitted)). Although we must "presume [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006), the record before us compellingly suggests that the 1994 marriage certificate was ignored. The BIA

observed that "[t]he record includes a marriage certificate that reflects that [Ahmed] married in 1988 . . . [and Ahmed's 2007] naturalization application." A.R. at 4. The BIA makes no mention of Ahmed's 1994 marriage certificate. Given that the removability determination was focused exclusively on whether Ahmed was married when he entered the United States in 1989, the BIA's failure even to mention the 1994 marriage certificate compellingly suggests that the certificate was ignored. This failure to consider material evidence warrants remand because it has deprived us of the opportunity to provide meaningful judicial review. *See Tian-Yong Chen*, 359 F.3d at 128; *Yan Chen*, 417 F.3d at 272–73.

We are also unable to conclude that remand would be futile on the grounds that the BIA would have reached the same conclusion as to Ahmed's removability had it considered the 1994 marriage certificate. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."). Both Ahmed and the government submitted marriage certificates into evidence. The marriage certificate that Ahmed tendered stated that he married in 1994, was issued by "The Republic of Yemen, Ministry of Interior, Civil Affairs and Civil Registry Authority," was

9

signed by the Civil Registry's Secretariat, and bore a seal. A.R. at 290. The marriage certificate submitted by the government stated that Ahmed married in 1988, was issued by "The religious Court in the city of Ibb," contained an illegible signature, and bore a seal. *Id.* at 291–300. Under these circumstances, it was the government's burden to show that the 1988 certificate was the more reliable evidence of Ahmed's marriage date than the 1994 certificate. *See* 8 U.S.C. § 1229a(c)(3)(A). At no point, however, did the government argue or did the IJ find that the 1994 certificate was the product of fraud or forgery.[1] Although the agency determined that Ahmed's testimony concerning his marriage date was not credible, a determination we decline to review in detail here, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam), absent a finding that Ahmed falsified or procured by fraud the 1994 marriage certificate or other documentary evidence, the credibility of Ahmed's testimony in this record has no bearing on

---

[1] We further observe that the government, which has the burden to demonstrate Ahmed's removability, has resources to determine the authenticity of the marriage certificates in this case. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 266 (2d Cir. 2006) ("Government investigators may make use of their internal resources, such as forensic document specialists, that may be able to authenticate a document." (footnote omitted)). It also bears mention that the confidentiality concerns that arise in the asylum context when foreign documents are forwarded to foreign government officials for authentication, *see id.* at 262–68; 8 C.F.R. § 208.6, are not present in this case.

the reliability or authenticity of the 1994 marriage certificate. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the doctrine of *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). Moreover, the agency concluded that Ahmed submitted the 1988 marriage certificate in support of his 2007 naturalization application and, thus, on the record before us, both the 1988 and 1994 marriage certificates purportedly came from Ahmed. On this record, we are unable to conclude that remand to the BIA for review of the IJ's removability determination and explicit consideration of Ahmed's 1994 marriage certificate would be futile.

Lastly, we conclude that the BIA erred by assessing the credibility of Ahmed's testimony concerning his removability under the credibility provisions of the REAL ID Act (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C)).[2]

---

[2] "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of

The REAL ID Act's credibility standard, by its statutory terms, is limited to applications for relief. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C)). The BIA explicitly cited to the REAL ID Act's credibility provisions, however, in affirming the IJ's removability determination, and it is unclear from our review of the IJ's removability decision what credibility standard the IJ applied. The BIA on remand is therefore instructed to state with particularity the standard it applies when assessing the credibility of an individual who testifies on matters concerning his removability.

## CONCLUSION

Based on the foregoing, we GRANT the petition, VACATE the BIA's order, AND REMAND to the BIA for further proceedings consistent with this opinion.

---

the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility[;] however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).