Mann v. Sessions

BIA
LaForest, IJ
A200 289 964

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand seventeen.

PRESENT:
      GUIDO CALABRESI,
      ROSEMARY S. POOLER,
      CHRISTOPHER F. DRONEY,
          *Circuit Judges.*
_____

JAGWINDER SINGH MANN, AKA JAGWINDER SINGH,
     *Petitioner,*

     v.                   **16-1161**
                              **NAC**

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*
_____

FOR PETITIONER:     Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED FOR FURTHER CONSIDERATION.

Petitioner Jagwinder Singh Mann, a native and citizen of India, seeks review of a March 15, 2016, decision of the BIA affirming a January 6, 2015, decision of an Immigration Judge ("IJ") denying Mann's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jagwinder Singh Mann,* No. A200 289 964 (B.I.A. Mar. 15, 2016), *aff'g* No. A200 289 964 (Immig. Ct. N.Y. City Jan. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness" because the BIA did not explicitly adopt nor diverge from the IJ's reasoning in full. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We further review the BIA's factual findings for substantial evidence, *Ahmed v. Lynch*, 804 F.3d 237, 240 (2d Cir. 2015), its interpretation of immigration statutes with *Chevron* deference, *see INS v. Aguirre-Aguirre,* 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)), and its interpretations of

2

immigration regulations with "substantial deference," *Joaquin-Porras v. Gonzales,* 435 F.3d 172, 178 (2d Cir.2006) (internal quotation marks and citations omitted). However, "when the situation presented is the BIA's application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, our review is *de novo*." *Monter v. Gonzales,* 430 F.3d 546, 553 (2d Cir.2005) (internal quotation marks and citation omitted; alteration incorporated). *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

I. Discussion

An applicant for asylum may demonstrate eligibility either through showing that he has suffered past persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion," or a "well-founded fear of future persecution" on these protected grounds. 8 U.S.C. § 1101(a)(42); *Poradisova v. Gonzalez*, 420 F.3d 70, 77-78 (2d Cir. 2005). We are inclined to agree with the IJ's conclusion that Mann failed to demonstrate a well-founded fear of future persecution. But, because past persecution was not adequately ruled out by the IJ or BIA below, we remand for reconsideration of Mann's suit.

Were the only grounds available to Mann those of future persecution, we would be inclined to affirm. But however unsuccessful Mann's case may be with respect to future persecution, without a full

3

consideration of the first prong of "persecution", that is, of "past persecution", the IJ's analysis is incomplete, and thus the result in this suit invalid.

In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova*, 420 F.3d at 79-80. Past persecution can be established by harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). And, while the harm must be severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006), it is sufficient, in order to show past persecution, that the applicant was "within the zone of risk when [a] family member was harmed, and suffered some continuing hardship after the incident." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

Mann's claim of past persecution rested on the following incidents: Mann and his brother were longtime members of the Congress Party. Members of opposition parties, the Akali Dal Party and the Bharatiya Janata Party ("BJP") had successively solicited Mann and his brother's departure from the Congress Party to join their parties. After Mann and his brother refused to depart the Congress Party, the opposition party members stopped Mann and his brother in the street and assaulted Mann's brother. At the time of the assault, both Mann and his brother were in a car in the middle of doing political work. Mann managed to escape the car and their attackers.

4

His brother, however, was severely injured: he both lost a leg and suffered mental incapacitation. Subsequently, Mann fled his hometown, residing in Chandigarh, a neighboring city, for two months, and, after that, moved to Delhi. During that time, his family was responsible for caring for his brother's permanent disabilities and injuries.

Upon review, the IJ found the fact that Mann himself had not suffered physical harm to be dispositive of his past persecution claim. Yet physical harm is not always needed for a showing of past persecution. And, it is not required in an analysis undertaken under *Tao Jiang*'s "zone of risk" and "continuing hardship" tests.

Because (i) the IJ's analysis does not directly address the question of whether Mann was sufficiently within "the zone of risk" when a family member (here, his brother) was seriously harmed, and, (ii) it is certainly conceivable that on direct reconsideration Mann's flight from his hometown and help to his family in caring for his brother constitutes the sufferance of "some continuing hardship," we hereby GRANT Mann's petition for review, and VACATE the decision of the BIA. We REMAND Mann's claim of persecution to the BIA for further consideration in light of *Tao Jiang*'s "zone of risk" and "continuing hardship" requirements.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


5