Hilario-Hilario v. Sessions

BIA
Bukszpan, IJ
A055 015 119

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

BILMA ALTAGRACIA HILARIO-HILARIO,
        *Petitioner,*

v.                                          16-2516
                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Papu Sandhu,
                       Assistant Director; Victor M.
                       Lawrence, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bilma Altagracia Hilario-Hilario, a native and citizen of the Dominican Republic, seeks review of a June 24, 2016, decision of the BIA, affirming a July 30, 2015, decision of an Immigration Judge ("IJ") denying Hilario-Hilario's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bilma Altagracia Hilario-Hilario,* No. A055 015 119 (B.I.A. June 24, 2016), *aff'g* No. A055 015 119 (Immig. Ct. N.Y. City July 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Hilario-Hilario was ordered removed based on a conviction for an aggravated felony and controlled substance offense, thereby limiting our jurisdiction to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D). We review such claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Hilario-Hilario's aggravated felony conviction bars asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii),

2

(b)(2)(B)(i), and she challenges only the denial of withholding of removal and CAT relief. We find no error in the agency's denial of those forms of relief.

Hilario-Hilario's conviction bars withholding of removal if it is particularly serious. 8 U.S.C. § 1231(b)(3)(B)(ii). Although her conviction is not *per se* particularly serious because she was sentenced to only three years' probation, the agency is authorized to determine whether the conviction is otherwise particularly serious. *Id*. § 1231(b)(3)(B); *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008). We retain jurisdiction to determine whether the agency applied the correct standard. *Nethagani,* 532 F.3d. at 154-55.

Hilario-Hilario's aggravated felony conviction involved drug trafficking, and thus is presumptively particularly serious for the purposes of withholding of removal. To avoid the bar, Hilario-Hilario had to show "extraordinary and compelling circumstances" justifying a "rare" deviation from the presumption. *Matter of Y-L-, A-G-, and R-S-R-*, 23 I. & N. Dec. 270, 276-77 (B.I.A. 2002), *overruled on other grounds by Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). As the agency concluded, Hilario-Hilario offered no evidence "beyond

3

her own self-serving testimony," to rebut the presumption. She now argues that *Matter of Y-L-* suggests that "the Attorney General was not referring to misdemeanor convictions" like hers when it held that drug trafficking offenses are presumptively particularly serious. However, *Matter of Y-L-* makes no such distinction between felonies and misdemeanors. Rather, the decision makes clear that a trafficking offense is particularly serious unless the applicant can show, at a minimum, that the conviction involved "(1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles." *Id.* at 276-77. Hilario-Hilario has not identified any error in the particularly serious crime determination because she never

4

presented any argument or evidence to the agency to rebut the presumption.

Hilario-Hilario remained eligible for deferral of removal under the CAT despite her conviction. 8 C.F.R. § 1208.17(a). But, as noted above, her conviction limits our jurisdiction to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015).

Hilario-Hilario's sole challenge to the denial of CAT deferral is that the agency overlooked evidence that the Dominican government ignores the actions of drug dealers and smugglers who would target her because they will perceive her to have either been "involved in the drug trade[] or cooperated against it" due to her light sentence. While it is true that the agency may commit an error of law if "important" facts have been "totally overlooked and others have been seriously mischaracterized," *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), a review of the record reveals no such errors. We "presume [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Ahmed v. Lynch*, 804 F.3d 237, 240 (2d Cir. 2015)

(quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006)). The record does not suggest that the agency overlooked evidence: the IJ considered Hilario-Hilario's testimony and evidence that there is "general violence and crime" in the Dominican Republic. In essence, what Hilario-Hilario challenges is the agency's factual determination that this evidence did not show that she would more likely than not be tortured. This is a finding of fact beyond our jurisdiction to review. *See Ortiz-Franco*, 782 F.3d at 91; *Hui Lin Huang v. Holder*, 677 F.3d 130, 133-34 (2d Cir. 2012).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

6