20-2317
*Arcentales Santos v. Garland*

BIA
Lurye, IJ
A208 000 969

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

CARMEN LUCRECIA ARCENTALES
SANTOS,
> *Petitioner,*

v.                                                                          20-2317

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: PAUL O'DWYER, Law Office of Paul O'Dwyer P.C., New York, NY.

FOR RESPONDENT: DAVID J. SCHOR, Trial Attorney, Office of Immigration Litigation (Leslie McKay, Senior Litigation Counsel, *on the brief*) *for* Brian M. Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Carmen Lucrecia Arcentales Santos, a native and citizen of Ecuador, seeks review of a decision of the BIA that affirmed an order of removal entered by an Immigration Judge ("IJ"). *In re Carmen Lucrecia Arcentales Santos*, No. A 208 000 969 (B.I.A. June 22, 2020), *aff'g* No. A 208 000 969 (Immig. Ct. N.Y. City June 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA's "opinion closely tracks the IJ's reasoning" without "expressly 'adopt[ing]'" it, we typically consider both opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). To the extent that the BIA's decision differs from that of the IJ, explicitly or

impliedly, we review the BIA's decision as the final decision of the agency. *See Nat'l Ass'n of Homebuilders v. Defs. of Wildlife*, 551 U.S. 644, 659 (2007) (explaining that "[t]he federal courts ordinarily are empowered to review only an agency's *final* action"); *Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing "the judgment of the IJ as modified by the BIA's decision" where the BIA rejected one ground of the IJ's decision). "We review the agency's factual findings for substantial evidence and questions of law *de novo*." *Ahmed v. Lynch*, 804 F.3d 237, 240 (2d Cir. 2015) (citation omitted).

In her petition, Arcentales Santos argues that the agency erred in ordering her removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without admission or parole, because she was in fact "admitted." We disagree. In her initial application for cancelation of removal in 2016, Arcentales Santos conceded her removability, stating that she had entered the United States without inspection and admission upon her arrival at John F. Kennedy Airport ("JFK") in Queens, New York, in 1999. It was only in 2018 that she asserted, for the first time, that she had been inspected and admitted, albeit on a false passport and visa. This prompted the IJ to ask additional questions at the removal hearing concerning the circumstances of her admission. The IJ ultimately decided not to permit

3

Arcentales Santos to withdraw her concession, in part because Arcentales Santos offered no evidence other than her own recollection to corroborate her recent claim of admission.

The IJ did not err in relying on Arcentales Santos's concession. To be sure, aliens who have entered the United States by presenting a false passport have been "admitted" for purposes of 8 U.S.C. § 1182(a)(6)(A)(i). *See Emokah v. Mukasey*, 523 F.3d 110, 118 (2d Cir. 2008) (noting that "an alien who enters the United States after inspection and authorization has been 'admitted' even if he was, 'at the time of entry . . . within one or more of the classes of aliens inadmissible by the law'") (quoting 8 U.S.C. § 1227(a) & (a)(1)); *Matter of Quilantan*, 25 I. & N. Dec. 285, 287–88, 290 (B.I.A. 2010) (holding that the term "admitted" denotes "procedural regularity for purposes of adjustment of status, rather than compliance with substantive legal requirements"). An immigration judge may, however, upon a concession of removability, determine that removability has been established if the IJ "is satisfied that no issues of law or fact remain." 8 C.F.R. § 1240.10(c). Only "[i]n rare cases" may the IJ disregard a concession of removability made by a represented party, such as when relying on it "would be manifestly unjust" or when the "concession is . . . plainly contradicted by record evidence." *Hoodho v.*

4

*Holder*, 558 F.3d 184, 191, 192 (2d Cir. 2009) (citation and quotation marks omitted).

As the BIA found, Arcentales Santos did not allege (much less demonstrate) manifest injustice. Nor was the IJ required to accept Arcentales Santos's testimony at face value, especially since she could not produce the false passport or visa she allegedly used, did not retain a copy of the entry form she claimed she received at JFK upon her inspection, and could not assist the government in locating an electronic record of her entry since she claimed she could not remember the full name on the false passport and visa. The only evidence supporting her admission was her own testimony and an affidavit from her brother attesting that she "obtained a visa" and was scheduled to arrive at JFK. Certified Administrative Record at 452. But her brother did not corroborate any details concerning the visa, and he admitted that he did not see Arcentales Santos arrive at JFK despite planning to meet her there. On this record, the IJ was entitled to hold Arcentales Santos to her concession.

Arcentales Santos calls our attention to several cases in which the BIA found an alien had been admitted based solely on uncorroborated testimony. But the fact that certain evidence might be sufficient *absent* a concession does not mean that it is sufficient *given* a concession. Indeed, permitting a concession to be undone

merely by a petitioner's eleventh-hour change in testimony would render any concession temporary, undermining the goals of "efficiency and judicial economy" promoted by the "rule of non-inquiry" that typically governs concessions. *Hoodho*, 558 F.3d at 191.

Furthermore, consistent with an IJ's general prerogative to interpret the record, we have acknowledged that IJs have substantial discretion in determining whether to withdraw a party's concession. *Id.* at 192 n.6 (noting that "[i]t will often be the case that evidence in the record may to some degree conflict with a concession of removability," but explaining that "this does not obviate the general rule pertaining to judicial admissions"). Even assuming that Arcentales Santos's changed testimony was *sufficient* to permit the IJ to withdraw the concession, that does not mean the IJ was *required* to do so. Arcentales Santos points to no authority, and we are aware of none, where we held it was error for an IJ or the BIA to hold a party to its concession.

We have considered Arcentales Santos's remaining arguments and find them to be meritless. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6