21-6209
Singh v. Garland

BIA
Christensen, IJ
A205-585-861

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

GURPREET SINGH,
> *Petitioner,*

v.                                                             **21-6209**
                                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Mike Singh Sethi, Esq., Sethi Law Group,
                             Orange, CA.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a March 19, 2021 decision of the BIA affirming an October 22, 2018 decision of an Immigration Judge ("IJ") determining that he was not credible and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh,* No. A205-585-861 (B.I.A. Mar. 19, 2021), *aff'g* No. A205-585-861 (Immig. Ct. N.Y.C. Oct. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA adopted the IJ's reasoning in affirming the IJ's decision, we review the BIA's and IJ's decisions together. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and defer to "'administrative findings of fact . . .

unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *Malets v. Garland*, 66 F.4th 49, 52 (2d Cir. 2023) (quoting 8 U.S.C. § 1252(b)(4)(B)).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Ahmed v. Lynch*, 804 F.3d 237, 241 n.2 (2d Cir. 2015) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, the agency reasonably relied on inconsistencies between Singh's interview statements, application, and testimony. Singh alleged that members of the Congress Party threatened and assaulted him because he supported the Shiromani Akali Dal Amritsar Party. But he was inconsistent about when and how long the police detained him after he reported threats from Congress Party members. In his credible fear interview and application, Singh stated that the police detained him in December 2012 for a few hours. But he later testified that

3

police detained him in September 2012. When he was questioned about this inconsistency, he stated that he was actually detained both times, for a few hours in September and a whole day in December. The agency was not compelled to credit his subsequent explanation of these inconsistencies. Although Singh stated that he forgot about the September 2012 detention because it was only for a few hours, he remembered to include a December 2012 detention that was only for a few hours in his application. And in any event, Singh's explanation did not resolve his inconsistent testimony regarding the duration of the December detention.

The IJ also reasonably relied on an inconsistency regarding when Singh left India. Singh stated in his application that he left India on March 27, 2013, after staying in Delhi. But he later testified that he went to Delhi on March 27 and stayed there for a month and a half until he arranged to leave India. Singh was unable to explain this inconsistency, ultimately testifying, "Maybe I went there [at] the end of February." Certified Admin. Record 176.

Finally, the agency reasonably concluded that Singh's lack of reliable corroboration further undermined his claims. A "failure to corroborate . . . may bear on credibility, because the absence of corroboration in general makes an

4

applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). A letter from Singh's mother mentioned only one detention and stated that it was in September 2012, rather than in December 2012 as Singh had specified at his interview and in his application. Moreover, the fact that Singh's mother mentioned a detention was inconsistent with Singh's explanation that he had not discussed any detentions with her. In addition, as the IJ noted, medical evidence did not confirm Singh's testimony that he received stitches for injuries sustained in a beating by Congress Party members.

The inconsistencies and lack of reliable corroboration discussed above provide substantial evidence for the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a non-citizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). "Where," as here, "the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief." *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court